IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 00-354 (DWF/AJB)

| | | |
|---|---|---|
| ANGEL ZELEDON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ) | GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2241 |

The United States of America, by and through its attorneys, Frank J. Magill, Jr., Acting United States Attorney, and Leshia M. Lee-Dixon, Assistant United States Attorney, hereby submit the government's response to petitioner's motion for relief pursuant to 28 U.S.C. § 2241.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner, an INS detainee, is currently incarcerated in a federal correctional facility in Youngstown, Ohio, pursuant to a 2004 conviction in the District of Minnesota for distribution of methamphetamine. Petitioner was sentenced to 87 months in the custody of the Bureau of Prisons ("BOP"). The sentencing court recommended that defendant be allowed to participate in the Residential Drug Abuse Program ("RDAP"), a program established to treat the substance abuse problems of certain eligible prisoners. On January 29, 2008, Petitioner filed a motion for a sentencing adjustment with the sentencing Court in the District of Minnesota. His present application claims that because BOP determined he is

ineligible to participate in RDAP he should receive a sentencing reduction. *See, Doc. at 29, 30; 18 U.S.C. § 3621(b),(e).*

Records, attached hereto for the Court's reference as Exhibit A[1], show the history of Mr. Zeledon while incarcerated in the custody of the Bureau of Prisons. Petitioner has participated in his required Drug Education in 2004 and there has been no further activity or participation in drug programming. *See, Exhibit A - BOP Inmate Records*.

Petitioner did not apply for participation in the RDAP program. Although Petitioner does not appear eligible for participation, based upon the regulations set forth in *28 C.F.R. § 550.58(a)(1)(I),* Petitioner could apply to participate. However, Petitioner is not eligible for early release pursuant to 18 U.S.C. § 3621(c)(2)(b) as he is not eligible for halfway house placement. *See, Exhibit A - BOP Inmate Records*.

Petitioner has not filed any administrative remedies concerning his eligibility to receive the rewards offered for participating in RDAP. Nor has Petitioner filed any administrative remedies concerning his inability to receive a timely release to a halfway house. *See, Exhibit A - BOP Inmate Records*.

---

[1]Bureau of Prison records including the Declaration of Ann Norenberg, Paralegal Specialist, U.S. Department of Justice, Federal Bureau of Prisons; Public Information Data relative to Mr. Zeledon; Administrative Remedy Data relative to Mr. Zeledon; Inmate History of Drug Programs relative to Mr. Zeledon; and Immigration Detainer-Notice of Action relative to Mr. Zeledon.

Petitioner now requests this court grant him a six (6) month reduction in his sentence based on the decision made by BOP, what Petitioner now claims is a sentence more severe than that which a United States Citizen would face.

For the reasons set forth below, the government requests this court deny Petitioner's claim and order that Petitioner address the issues in the jurisdiction where he is incarcerated.

**ARGUMENT**

Petitioner requests a sentencing adjustment based upon BOP's determination that he does not qualify for RDAP, resulting in a longer term of incarceration. Although Petitioner has entitled his motion, "Motion for Sentence Adjustment", in substance, Petitioner seeks relief more properly brought in a habeas action pursuant to 28 U.S.C. § 2241. Petitioner here is not challenging the sentence issued by the District of Minnesota, but rather is attempting to reduce his federal sentence based upon a claim relative to the RDAP program. The government therefore requests this court treat this petition as having been filed pursuant to § 2241.

It is well settled that a 'writ of habeas corpus does not act upon the prisoner who seeks relief, but on the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973). Thus, a court may issue a writ of habeas corpus only if it has jurisdiction over the prisoner's custodian. Id. The Eighth Circuit has consistently

held that a § 2241 habeas petition must be filed in the district where the prisoner's current custodian is located. In this case, the petition must be filed in Ohio. See, Copley v. Keohane, 150 F.3d 827, 830 (8th Cir.1998).

Title 18 United States Code, Section 3621(e), enacted by Congress as part of the Violent Crime Control and Law Enforcement Act of 1994, provides that certain federal prisoners convicted of *nonviolent offenses* who remain in custody after completing treatment in a RDAP *may* receive a reduction in their sentences of up to one year. 18 U.S.C. § 3621(e). Under current BOP regulations, several categories of inmates are *not* eligible for early release. One of these categories is INS detainees. See, *28 C.F.R.* § 550.58(a)(1).

BOP has the power to categorically deny petitioner's participation in the program. BOP regulations state that INS detainees are not eligible for early release. *28 C.F.R. § 550.58(a)(1)(i).* Moreover, pursuant to 28 C.F.R. § 550.58(a)(1)(v), deportable aliens are not eligible for the RDAP because they cannot participate in a community based program. As such, defendant here is unlike other defendants who, based upon the regulations, does not qualify for participation and therefore, is ineligible for a sentence reduction.

Petitioner has not applied for participation in this program. Petitioner may be excluded from participation in this program based

upon his illegal alien status. As such, he would not be eligible for the potential reduction in sentence. Petitioner's claim here is premature.

In order for the court to address Petitioner's claims all administrative remedies must first be exhausted. United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir.2000). Exhaustion helps to ensure a more complete development of the factual record before the matter is brought into federal court; it gives the reviewing the court the benefit of any special knowledge and experience the administrative agency may offer; it acknowledges the autonomy of administrative agencies and the authority Congress has vested in them; and finally, it promotes judicial economy. See, Mason v. Cicone, 531 F.2d 867, 870 (8th Cir.1976).

Inmates must follow the administrative process as proscribed by BOP. This process involves (i) presenting the claim to an appropriate staff member, by submitting a request for informal resolution; (ii) if the claim is not resolved to the inmate's satisfaction, he must then present a formal written claim to the warden; (iii) if the prisoner is not satisfied with the warden's response, he must appeal to the Regional Director; and (iv) if the prisoner is still dissatisfied, he must take a final appeal to the General Counsel in the Central office. Exhaustion involves all of these steps. *28 C.F.R.* §§ 542,10-.19.

Here, it is not clear that Petitioner has not exhausted all of these remedies as provided by BOP. Complying with these steps will ensure that Petitioner has the opportunity to identify and explain his claims more clearly. BOP is in the best position to address and resolve his claim.

**CONCLUSION**

The government requests that this court deny Petitioner's claim without prejudice and order Petitioner to file his claim in the District where he is currently incarcerated. In the alternative, the government requests that defendant be ordered to exhaust his administrative remedies prior to requesting a sentencing adjustment.

DATED: April 2, 2008.

Respectfully submitted,

FRANK J. MAGILL, JR.
ACTING UNITED STATES ATTORNEY

s/ Leshia M. Lee-Dixon

LESHIA M. LEE-DIXON
Assistant United States Attorney