## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                      Criminal No. 00-354(1) (DWF/AJB)

      Respondent-Plaintiff,

v.                                           **ORDER AND MEMORANDUM**

Angel Moises Zeledon,

      Petitioner-Defendant.

___

Leshia M. Lee-Dixon, Assistant United States Attorney, United States Attorney's Office, counsel for Respondent-Plaintiff.

Angel Moises Zeledon, *Pro Se*, Petitioner-Defendant.

Arthur R. Martinez, Esq., Law Offices of Arthur R. Martinez PA, counsel for Petitioner-Defendant.

___

      This matter is before the Court pursuant to the petition of Angel Zeledon ("Petitioner-Defendant") who has moved the Court for a six-month reduction of his sentence pursuant to 28 U.S.C. § 2241. The United States opposes the motion.

      Based upon the presentations of the parties; the Court having reviewed the procedural history of the file, including the sentencing transcript in this matter; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.      Petitioner Angel Zeledon's motion for a sentence reduction not to exceed six months (Doc. No. 33) is respectfully **DENIED**.

Dated:  February 11, 2009         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  Judge of United States District Court

**MEMORANDUM**

Peititioner-Defendant, an INS detainee, is currently incarcerated in the Federal Correctional Facility in Youngstown, Ohio, pursuant to a 2004 conviction in the District of Minnesota for distribution of methamphetamine.  The Court sentenced Petitioner-Defendant to 87 months with the Bureau of Prisons ("BOP").  While the Court recommended that Petitioner-Defendant be allowed to participate in the Residential Drug Abuse Program ("RDAP"), the Court made no assumptions with respect to the credit that Petitioner-Defendant would or would not receive from the BOP in the event he completed the program.

Petitioner-Defendant has filed a motion requesting a sentence adjustment by the sentencing court in the District of Minnesota.  For reasons that are unclear to the Court, Petitioner-Defendant has not filed for any administrative remedies concerning his eligibility to receive credit for completing the RDAP program.  Further, Petitioner-Defendant has not filed any request for administrative remedies concerning his inability to receive an early release to a half-way house.

Petitioner-Defendant is requesting this Court to grant him a six-month reduction of his sentence based on the decision made by the BOP asserting that his sentence is more severe than that which a United States citizen would face.

As pointed out by the United States, while Petitioner-Defendant has labeled his self-styled motion and request "Motion for Sentence Adjustment," in essence, Petitioner-Defendant is seeking relief that would be more properly brought in a habeas action pursuant to 28 U.S.C. § 2241. Petitioner-Defendant is not challenging the sentence this Court issued, but, rather, is attempting to reduce his sentence based upon his completion of the RDAP program. For this reason, the Court deems Petitioner-Defendant's request a petition filed pursuant to § 2241.

The first observation by this Court is that the Eighth Circuit has consistently held that a § 2241 habeas petition must be filed in the District where the prisoner's current custodian is located. In this case, that would be Ohio. *Copley v. Keohane*, 150 F.3d 827, 830 (8th Cir. 1998).

Admittedly, 18 U.S.C. § 3621(e), which was enacted by Congress as part of the Violent Crime Control and Law Enforcement Act of 1994, provides that certain federal prisoners convicted of nonviolent offenses who remain in custody after completing treatment in a RDAP may receive a reduction in their sentences of up to one year. 18 U.S.C. § 3621(e). Under existing BOP regulations, there are several categories of inmates who are not eligible for early release. One of these categories is the category that Petitioner-Defendant finds himself in, namely, an INS detainee. *See* 28 C.F.R.

§ 550.58(a)(1). Again, the Court would note that, consistent with similarly situated INS detainees, the Court makes no assumption in arriving at a fair sentence for every defendant as to whether they will or will not receive such credit from the BOP.[1]

However, it must be noted by the Court, as pointed out by the United States, that in order for this Court to address Petitioner-Defendant's claims, all administrative remedies must first be exhausted. They have not been. *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000).

The BOP sets forth the administrative process as follows: (1) presenting the claim to an appropriate staff member, by submitting a request for informal resolution; (ii) if the claim is not resolved to the inmate's satisfaction, he must then present a formal written claim to the warden; (iii) if the prisoner is not satisfied with the warden's response, he must appeal to the Regional Director; and (iv) if the prisoner is still dissatisfied, he must take a final appeal to the General Counsel in the Central office. Exhaustion involves all of these steps. 28 C.F.R. §§ 542, 10-.19.

The record before the Court establishes that Petitioner-Defendant has not exhausted all of the administrative remedies provided by the BOP. The Court denies Petitioner-Defendant's self-styled request for relief and directs that Petitioner-Defendant address any remaining issues in the jurisdiction where he is currently incarcerated.

---

[1] Even if the Court would have been certain that Petitioner would not have received any credit for completing the RDAP program, for whatever reasons, the Court's sentence would have remained the same.

D.W.F.